NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARL EDWARD BELT,

Defendant-Appellant.

No.   19-10180

D.C. No.
2:18-cr-00306-JCM-NJK-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 8, 2021
Las Vegas, Nevada

Before:  CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Appellant Carl Belt challenges the district court's imposition of two

conditions of supervised release following his guilty plea for being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). First,

Belt challenges a discretionary condition that allows his probation officer to

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conduct searches of his electronic devices without a warrant (hereafter, the "Search Condition"). Belt also challenges a standard condition that requires him to notify third parties about the risks he poses to them, at the direction of his parole officer (the "Risk Notification Condition"). We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

We generally review supervised release conditions for abuse of discretion, though we review de novo "'[w]hether the sentence imposed was "illegal,"' for example, by exceeding 'the permissible statutory penalty for the crime[] or [by being] in violation of the Constitution.'" *United States v. Gementera*, 379 F.3d 596, 600 n.5 (9th Cir. 2004) (alterations in original) (internal citation omitted). Where, as here, the defendant failed to object to one of the conditions of supervised release at sentencing, we review that condition for plain error. *United States v. Bell*, 770 F.3d 1254, 1256 (9th Cir. 2014); Fed. R. Crim. P. 52(b).

Belt argues that the Search Condition is impermissibly broad because it allows the parole officer to conduct warrantless searches of his electronic devices, even though there is no evidence to suggest that his underlying crime and criminal history were facilitated by electronic devices. However, we have held that "so long as a district court makes a factual finding establishing some nexus between

2

computer use and one of the [statutorily-defined goals of supervised release] . . . it is not an abuse of discretion for a district court to impose a condition of supervised release permitting the search of a defendant's personal computers." *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015); *see also* 18 U.S.C. § 3553(a)(2)(B)–(D). We have found sufficient nexus even in cases where there was no evidence of computer use in the defendant's past criminal conduct, because "[p]ermitting a search of only paper records—but not computers—might enable [parolees] to evade discovery of recidivist activity by switching [their] records into an electronic format." *Bare*, 806 F.3d at 1019.

Here, the district court went beyond what was constitutionally required when it cabined the Search Condition to allow searches only if Belt's parole officer has reasonable suspicion that he violated a condition of supervised release, and that the device to be searched contains evidence of that violation. *See Samson v. California*, 547 U.S. 843, 856–57 (2006) (holding that a similarly worded condition imposed on all California parolees did not violate the Fourth Amendment, even without the reasonable suspicion restriction); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) ("There is no sound reason for distinguishing parole from supervised release with respect to this condition. . . . The Court in *Samson* itself drew the analogy to supervised release."). For that

reason, there is no room for treating the Search Condition in this is case as an abuse of discretion.

Belt argues that the Risk Notification Condition is unconstitutionally vague because it does not provide him with sufficient notice as to what people should be notified or what risks qualify and gives parole officers unfettered discretion to interpret the condition. However, because Belt failed to object to the Risk Notification Condition at sentencing, we have discretion to remedy the error only if certain conditions of plain error review are met. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). Plain error requires that the defendant show the District Court committed an error (1) "that has not been intentionally relinquished or abandoned," (2) that was plain ("that is to say, clear or obvious"), and (3) that affected the defendant's substantial rights. *Id*. Even then, we should "exercise [our] discretion to correct the forfeited error [only] if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (citation omitted).

Here, Belt does not establish that the district court committed plain error. It is true that we have previously struck down two earlier versions of the Risk Notification Condition. *See United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018); *United States v. Magdirila*, 962 F.3d 1152, 1158–59 (9th Cir. 2020).

4

However, both of those opinions—and several subsequent unpublished dispositions—discussed the current Risk Notification Condition favorably. *See United States v. Davis*, 785 F. App'x 374, 376 (9th Cir. 2019); *United States v. Burleson*, 820 F. App'x 567, 569–70 (9th Cir. 2020); *United States v. McPherson*, 808 F. App'x 450, 452 (9th Cir. 2020); *United States v. Oseguera*, 793 F. App'x 579, 581 (9th Cir. 2020)*; United States v. Jackson*, No. 19-10277, 2020 U.S. App. LEXIS 40060, at *5 (9th Cir. Dec. 22, 2020); *United States v. Pruitt*, No. 19-10125, 2020 U.S. App. LEXIS 39502, at *6 (9th Cir. Dec. 16, 2020). As such, we find no plain error.

For all of these reasons, we affirm the district court's imposition of the Search Condition and the Risk Notification Condition.

**AFFIRMED.**